The opinion of the Court was delivered by
Horítblower, C. J.
As the rule of May Term, 1843, was suggested and drafted by myself, I feel some responsibility for the manner in which it shall be found, in practice, to operate on the business of the court and the rights of parties. It was adopted for the promotion of justice, by relieving defendants from the embarrassments thrown upon them by plaintiffs declaring generally, as on a money bond, in actions brought on bonds with special conditions. It is doubtful, however, whether by a mere rule of practice, we can effect the object we had in view ; for in framing or giving a construction to any rule of court, we must take care that we do not infringe upon rights that can only be altered or restricted by legislative action. As the law now stands, and we have no right to repeal it, a plaintiff may, if he chooses, declare generally on such a bond. We cannot compel him to assign breaches in his declaration ; but if we may by a mere rule of practice, require the plaintiff to be as specific, in the particular to be furnished, in sums, dates and persons, as the exceptions in this case call for, we may be found, in fact, to be imposing upon plaintiffs in such actions, a more serious difficulty, *203 than if, with high hand, we were at once to say, that they must assign breaches in their declarations.
The counsel for the defendant, however, may have supposed, that by the language of the rule of May term, 1843, he had a right to call for notice, not only of every act of bad faith, or malfeasance, misfeasance, wilful omission, neglect, or other wrongful act of the principal, but of the items or particulars wherein such acts consisted, together with names, dates, sums and all attendant circumstances ; and I am not sure but the terms employed in framing the rule, were so unfortunately selected as to justify the exceptions taken in this case. If so, we must either rescind the rule, or so modify it by construction, as to obviate the difficulty now thrown upon us.
A particular such as the exceptions call for, it seems to me would require a plaintiff to anticipate all his evidence, and to furnish the defendant iii advance, with a statement of all he expected to prove on the trial, either directly or by inference. It would compel the plaintiff to deliver to the defendant, not only a copy of all the books or entries, but a statement of every thing that ought to have been entered upon them by the agent of the plaintiff, with day and dates and names and sums; his omission to enter which, not only deprives the plaintiffs of the knowledge necessary to make such specifications, but constitutes the very breach for which the action is brought. This was not the meaning of the rule, so far as I had any agency in establishing it, whatever may be its language. It was intended only to require the plaintiff to furnish the defendant with notice of the particular, or subject matter, in which he or his principal, had broken the covenant or agreement and not of the items, or particular facts, or transactions of the party constituting that breach, and necessary to be proved in order to establish it. If, for instance, the special condition or agreement is to do several things; as to repair, to build, to pay taxes, to perform journies, to receive certain monies, to pay over, to keep accounts, &c., the plaintiff if required, must furnish the defendant, with a notice or specification of the particular part or branch of the agreement, in relation to which he intends to assign breaches. Or, if, as in this case, the condition is, that the party shall well and faithfully serve the plaintiffs, in the business or employment in which he *204 was retained and employed by them, the rule requires that the plaintiffs shall specify in what department of his duty, they intend to complain, that he did not well and faithfully serve them. For instance, if he was a clerk, or a teller, or cashier of a bank ; or a receiving or paying clerk of the plaintiffs; the notice ought to apprize the defendant of the particular branch of duty or business, in which they intend to complain that he acted unfaithfully ; as that he absented himself from their place of business ; or that he kept inaccurate or false accounts; or that he had embezzled moneys received for and belonging to the plaintiffs by applying the same to his own use.
To require a plaintiff in such cases to specify dates and sums of money, and persons, and to set out the tenor and effect of vouchers and securities for money, that have been withheld from the plaintiff, or misapplied, or lost or destroyed by the fraud or negligence of the agent,' would be to permit such agent to take advantage of his own wrong; for his very frauds, neglects or wilful omissions of duty may often be such in their very nature, as to deprive the plaintiff of the means of ascertaining with precision, what sums of money and securities for money, and when and of whom received, have been misapplied, or lent or destroyed, by the fraudulent conduct or the negligence of the agent.
I am of opinion thei’efore, that we cannot require a plaintiff to do more than to specify or give notice of the nature, character or class of defaults, in relation to which he intends to assign breaches, without subjecting him to embarrassments in the prosecution of his suit, quite as great, if not greater than those under which defendants may labor when called upon to plead to a general declaration, and perhaps more fatal to his rights.
In this case the plaintiffs have given the defendant notice, that they intend to complain, that R. Gr. the agent did not well and faithfully serve them in this, viz : that at different times between certain periods specified in the notice, he received in moneys and securities for money belonging to the plaintiffs large sums, amounting in the whole to so much, naming the amount ; which he misapplied, and that a large amount, naming it, remained unpaid and unaccounted for by him. This then is the subject matter of the breach or breaches, the plaintiffs are at liberty to assign, *205 and to which, by the terms of our rule they must be confined in their replication.
The defendant I think ought to be satisfied with this disclosure. The principal in the bond knows, or must be presumed to know, whether he has been faithful in that branch of his duty, as an agent of the plaintiffs ; and whether he has accounted for and delivered over to them all the moneys and securities for money that came to his hands; and if he has not, he must be prepared to give his reasons for not doing so, and to obviate or excuse the default. Without intending, however, to commit myself upon the construction of the rule, further than necessary for the settlement of this case, I am of opinion, that the exceptions to the particular must be overruled; but without costs, as the question has arisen out of a new and unsettled rule of practice. Let the costs therefore abide the event of the suit, and the defendant have sixty days after this term to plead.